UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JERON JORDAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00013-WTL-DLP |
| | ) | |
| DICK BROWN, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Petition for Writ of Habeas Corpus and
Directing Entry of Final Judgment**

The petition Jeron Jordan for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. WVS 17-05-0006. For the reasons explained in this Order, Mr. Jordan's habeas petition must be **denied**.

**A.     Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (*per curiam*), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

**B.     The Disciplinary Proceeding**

On May 24, 2017, Investigations Officer Harbaugh wrote a Conduct Report charging Mr. Jordan with A-111/113, conspiring, aiding, and attempting to traffic.  Dkt. No. 16-1.  The Conduct Report states:

> The Investigation department began looking into multiple unauthorized financial transactions that were being communicated over the GTL system between Offender King and a girlfriend, Kelyn Crittenden. During the course of the investigation it was discovered that King had connections with food service offenders, who had corrupt staff willing to bring drugs inside. Also during calls it was found that Ms. Crittenden, upon King's request was meeting people on the streets for the purpose of picking up drugs and collecting money. While investigating these concerns during the course of May 7th, 8th, 9th and 10th Ms. Crittenden agreed to meet and obtain two packages of drugs from Markel Jordan, brother of Jeron Jordan, 245195 (see attached breakdown.). Meeting dates and times were mentioned, and information was exchanged about the drop. Offender Jordan conspired with Ms. Crittenden to meet his brother to conduct illegal activity. Jordan and Offender Jordan spoke about the meeting and Jordan first spoke with Ms. Crittenden using Offender Kenny Grady's phone. Crittenden spoke with Jordan and collected information, he explained his brother would call her and they could set up a meeting place (see attached confirmation.)
>
> Evidence: All calls can be reviewed on the GTL system.  JPays can be reviewed linking offenders and Ms. Crittenden.  Case #17-MCF-0054 Conspiracy to traffic, and case #17-MCF-0050 Attempting to Traffic

*Id*.  The two confidential case files were not provided to Mr. Jordan but have been submitted to the Court for review.  *See* Dkt. No. 18-1; Dkt. No. 18-2.

Mr. Jordan was notified of the charge on May 26, 2017, when he received the Screening Report.  Dkt. No. 16-2 at 1.  He pleaded not guilty to the charge, requested a lay advocate, and did not request any witnesses.  *Id.*  Mr. Jordan argues he requested evidence at screening but was denied that evidence.  Dkt. No. 2.  He waived his right to 24 hours' advance notice before the disciplinary hearing.  Dkt. No. 16-2 at 1.  A lay advocate was later appointed.  Dkt. No. 16-2 at 2.

The prison disciplinary hearing was held on June 12, 2017.  Dkt. No. 16-3 at 1.  According to the notes from the hearing, Mr. Jordan stated, "I have never received a conduct report.  I was

never talking about drugs – it was misuse of phone – I was sending money – financial transaction – no drugs whatsoever." *Id*. Based on the staff reports, Mr. Jordan's statement, the confidential report of the investigation of the incident, and the summaries of the confidential case files, the hearing officer found Mr. Jordan guilty of A-111/113, conspiring, attempting, or aiding in trafficking. The sanctions imposed included a written reprimand, loss of phone privileges for a month, disciplinary restrictive housing, 120 days of earned-credit-time deprivation, and a credit class demotion.

Mr. Jordan appealed to the Facility Head and the Indiana Department of Correction (IDOC) Final Reviewing Authority, both of which were denied. Dkt. No. 16-4; Dkt. No. 16-5. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### C. Analysis

Mr. Jordan's habeas petition challenges his prison disciplinary conviction on two grounds[1]: (1) denial of the right to present evidence to the hearing officer for consideration; and (2) sufficiency of the evidence. Dkt. No. 2. The respondent asserts that Mr. Jordan waived his denial of evidence claims by failing to raise the claims in his administrative appeal, that his due process rights were not denied, and that there is "some evidence" to support his conviction. Dkt. No. 16. In reply, Mr. Jordan reiterates that there is no evidence to support the finding of guilt because there is only evidence of unauthorized financial transactions but not of drug transactions. Dkt. No. 20.

---

[1] Mr. Jordan lists three grounds, but two of the grounds can be grouped: (1) denial of right to present evidence and (2) denial of right to evidence.

1.     <u>Failure to Exhaust</u>

In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the IDOC Appeals Review Officer or Final Reviewing Authority may be raised in a subsequent Petition for Writ of Habeas Corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). The respondent argues that Mr. Jordan failed to exhaust the administrative appeals process as to his denial of evidence claims, and because the time to complete such administrative appeals process has passed, no habeas relief on those grounds can be given. Because the undisputed record reflects that Mr. Jordon failed to timely exhaust his available administrative remedies on the ground of the denial of evidence (*see* Dkt. No. 16-4), habeas relief is not available to Mr. Jordan on the ground of the denial of evidence.

2.     <u>Sufficiency of the Evidence</u>

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

The Adult Disciplinary Code Section A-111 is entitled "Conspiracy/Attempting/Aiding or Abetting," and is defined as: "[a]ttempting or conspiring or aiding and abetting with another to commit any Class A offense." Indiana Department of Correction Adult Disciplinary Process, Appendix I: Offenses, available at http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. Code Section A-113 is entitled "Trafficking," and is defined as: "[e]ngaging in trafficking (as defined in [Ind. Code §] 35-44.1-3-5) with anyone who is not an offender residing in the same facility." *Id.* Conspiracy is defined as "[t]wo (2) or more offenders or other persons planning or agreeing to commit acts which are prohibited by Department or facility rule, procedure or directive." *See* IDOC Disciplinary Code for Adult Offenders, available at http://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders___6-1-2015.pdf. Indiana Code § 35-44.1-3-5 defines a person who commits trafficking to be "[a] person who, without the prior authorization of the person in charge of a penal facility or juvenile facility, knowingly or intentionally: (1) delivers, or carries into the penal facility or juvenile facility with intent to deliver, an article to an inmate or child of the facility." *Id.*

The Conduct Report in this case establishes that Mr. Jordan conspired with others and his brother to deliver packages of drugs into the prison. The confidential case files support and are consistent with the statements in the Conduct Report. *See* Dkt. No. 18-1; Dkt. No. 18-2. A rational adjudicator could readily conclude that Mr. Jordan was conspiring with others to traffic drugs into the prison. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found … [the petitioner] guilty of the offense on the basis of the evidence presented"); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). The Court

will not reweigh the evidence. The Conduct Report and the thorough investigation by Investigations Officer Harbaugh are "some evidence" supporting the hearing officer's finding that Mr. Jordan was guilty of conspiring to traffic. Accordingly, habeas relief is not available to Mr. Jordan.

**D.    Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Jordan to the relief he seeks. Accordingly, Mr. Jordan's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date:    11/7/18

Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Distribution:

JERON JORDAN
245195
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Kyle Hunter
INDIANA ATTORNEY GENERAL
kyle.hunter@atg.in.gov

Patricia Caress McMath
INDIANA ATTORNEY GENERAL
patricia.mcmath@atg.in.gov